IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–89–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JAMESEY MARIA JEFFERSON, | |
| Defendant. | |

On March 20, 2026, Defendant Jamesey Maria Jefferson filed a motion to reduce her 84-month custodial sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 178.) Her projected release date is October 12, 2028. *See* Federal Bureau of Prisons, *Inmate Locator*, http://www.bop.gov/inmateloc (last accessed July 9, 2026). On March 26, 2026, counsel was appointed to represent Jefferson. (Doc. 180.) Appointed counsel filed an amended motion and brief on June 9, 2026. (Doc. 186.) The government opposes the motion for compassionate release. (Doc. 188.)

### ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling

1

reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n).[1]

Jefferson argues that a reduction in her sentence is warranted because she needs to return home to care for her five children, who are currently in the care of her 66-year-old mother. For the reasons discussed below, the Court denies the motion for compassionate release.

## I.    Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Jefferson requested compassionate release from the Bureau of Prisons on January 29, 2025, and January 19, 2026; her first request was denied on February 13, 2025, and her second request was denied on February 20, 2026.  Thus, it would appear that Jefferson has exhausted her administrative remedies.

## II.    Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including family circumstances of the defendant. U.S. Sent'g Guidelines Manual § 1B1.13(b)(3) (U.S. Sent'g Comm'n 2025). The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Here, as the primary grounds for release, Jefferson asserts that her elderly mother is now the sole provider and caretaker for her five minor children after her father passed away in September 2025. (Doc. 186 at 10.) Jefferson argues that her father was a vital caregiver for her children, and reports that her mother suffers from several health issues, including diabetes, rheumatoid arthritis, heart problems, and slight paralysis in one arm. (*Id.* at 10–11.) Jefferson reports that while her

3

mother is not incapacitated, the physical and mental rigors of caring for five children is considerable. (*Id.* at 11–12.)

In response, the Government observes that Jefferson's children are older; three are in their teens, one is almost 18, and two are elementary-aged. (Doc. 188 at 9.) The Government further observes that Jefferson's family situation was known to the Court when it imposed its custodial sentence, including that Jefferson's father—who was receiving disability for multiple sclerosis, was in a wheelchair, and was legally blind—was the children's primary caretaker. (*See* PSR ¶¶ 64, 68.) Finally, the Government highlights that Jefferson's children resided with her parents for the five years prior to sentencing, and that Jefferson has a "supportive family, free of substance use and abuse[.]" (PSR ¶ 64.) The Government argues that, in consideration of the above, Jefferson's situation fails to rise to the extraordinary circumstances contemplated by the Sentencing Commission. The Court agrees.

Extraordinary and compelling circumstances are a high burden, and while the Court is sensitive to the hardship inflicted by Jefferson's father's passing, the present situation does not meet this threshold. Jefferson fails to indicate specifically how or why her mother is unable to care for her children. Moreover, Jefferson's family situation was known to the Court at the time it imposed its sentence, and in granting a downward variance, the Court specifically considered

4

Jefferson's age, lack of criminal history, various addiction issues, need for treatment, and the fact that her five minor children lived with her parents. (Doc. 123.) At this time, there is simply insufficient evidence to establish that Jefferson's circumstances have meaningfully changed such that early release is warranted.[2]

### III.    Section 3553(a) Factors

The Court must also address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

The offense conduct in this case is serious. On September 12, 2021, Bureau of Indian Affairs Officers responded to a report of shots fired on the Northern

---

[2] Jefferson also emphasizes the progress she has made while incarcerated, including her educational efforts and focus on rehabilitation. However, this is the type of compliance expected from inmates, and, at any rate, rehabilitation alone is insufficient to warrant early release. U.S. Sent'g Guidelines Manual § 1B1.13(d).

Cheyenne Reservation. (PSR ¶ 10.) Responding officers discovered a man deceased on the property. (*Id.*) An officer on route to the scene passed a car travelling at a high rate of speed and pulled the vehicle over; Jefferson was seated in the back seat. (*Id.* at ¶¶ 10–12.) After Jefferson was removed from the vehicle, officers discovered a large amount of cash, a case with drug paraphernalia, and observed three visible firearms. (*Id.* ¶ 14.) Later, after obtaining a search warrant, law enforcement discovered approximately 48 grams of pure methamphetamine, $200 in cash, a black scale, and identified three firearms. (*Id.* ¶ 15.) Jefferson was interviewed after the incident and admitted to being present for the shooting. (*Id.* ¶ 25.) With respect to Jefferson's history and characteristics, she has only one scored misdemeanor offense from 2014 for theft of baby items. (*Id.* at ¶ 49.) However, Jefferson has multiple unscored tribal offenses, including endangering the welfare of a child, intoxication, drug abuse, and assault. (*Id.* ¶¶ 52–62.)

In consideration of the above, the Court concludes that the serious nature of the offense conduct—specifically, dealing methamphetamine and involvement in a shooting—and the need for just punishment do not support Jefferson's early release.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release (Doc. 178) is DENIED.

DATED this 9th day of July, 2026.

Dana L. Christensen, District Judge
United States District Court

7